```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| ENTERTAINMENT ONE LIMITED : <br> PARTNERSHIP AND URBAN     : <br> DISTRIBUTION, INC.,       : <br>        Plaintiffs,       : <br>                           : <br>    v.                     : <br>                           : <br> JEROLD D. RICHMAN d/b/a    : <br> J RICHMAN DISTRIBUTERS AND : <br> WORLDWIDE DISTRIBUTION,    : <br>        Defendants.        : | Civil Action No. 06-5430(NLH) <br><br><br><br><br> **ORDER** |

**APPEARANCES:**
Gregory J. Coffey, Esquire
Coffey & Associates
Counselors at Law
465 South Street
Morristown, NJ 07960

   *Attorney for Plaintiffs*

**HILLMAN**, District Judge

   This matter having come before the Court on plaintiffs' motion to enforce the judgment and freeze the assets of defendants; and

   On October 4, 2007, the Court having entered a judgment of default against defendants in favor of plaintiffs in the amount of $268,370.41 (Canadian dollars) for compensatory damages and $59,043.63 (Canadian dollars) in interest; and

   Plaintiffs now requesting that the Court freeze defendants' assets pursuant to Federal Civil Procedure Rule 62; but

   The Court noting that Rule 62 concerns a court's power to stay proceedings to enforce a judgment, and it does not address a court's power to freeze the assets of a defendant which has a

default judgment entered against it[1];

Therefore,

**IT IS HEREBY** on this 5th day of August, 2008

**ORDERED** that plaintiffs' motion to enforce the judgment and freeze the assets of defendants [12] is **DENIED**.

|  |  |
|---|---|
| At Camden, New Jersey | s/ Noel L. Hillman<br>NOEL L. HILLMAN, U.S.D.J. |

---

[1]The Court notes that one method for enforcing a judgment and freezing a judgment debtor's assets is to file a writ of execution with the Clerk of the Court and then file a motion for the turn-over of funds following the successful execution of the writ.